**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| ***IN RE CENTER FOR VEIN RESTORATION DATA BREACH LITIGATION*** | **CASE NO. 8:24-CV-03593** |

**FINAL APPROVAL ORDER AND JUDGMENT**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (ECF No. 46);

WHEREAS, on May 9, 2025, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Jeff Ostrow of Kopelowitz Ostrow P.A., David Lietz of Milberg Coleman Bryson Phillips Grossman PLLC, Andrew Shamis of Shamis & Gentile, P.A., and A. Brooke Murphy of Murphy Law Firm as Class Counsel; (5) appointed Epiq Class Action Claims & Solutions, Inc. as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim Form and Claim Process; and (8) set the Final Approval Hearing date (ECF No. 40);

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by direct Postcard Notice, and the Long Form Notice was available to Settlement Class Members on the Settlement Website or on request to the Settlement Administrator;

WHEREAS, on November 5, 2025, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider settlement Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Final Approval Order and Judgment incorporates the definitions in Section II of the Settlement Agreement.

2. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process of the United States Constitution, Federal Rule of Civil Procedure 23 and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

3. Defendant has fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4. The terms of the Settlement are fair, adequate, and reasonable. In so finding, the Court has considered the Fed. R. Civ. P. 23(e)(2) factors and the Fourth Circuit's traditional factors from *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir.1991).

5. The 38 individuals who timely opted-out of the Settlement will not be bound by the Agreement or the Releases contained therein. Those individuals are identified on the list attached as *Exhibit A*.

6. Based on the information presented to the Court, the Claims Process has proceeded consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7. The distribution plan for Settlement Class Member Benefits proposed by the Parties is fair, reasonable, and adequate.

8. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

9. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

11. The appointment of Plaintiffs Aida Khalil, Edward Caemron, Jessica Kayrouz, Katrina Kelley, Lee Conrad, Patricia Knott, Colleen Baird, Gary Scott, Marie E. Wengert, Carla Jackson, and Barbara Voron as the Class Representatives is affirmed.

12. The appointment of Jeff Ostrow of Kopelowitz Ostrow P.A., David Lietz of Milberg Coleman Bryson Phillips Grossman PLLC, Andrew Shamis of Shamis & Gentile, P.A., and A. Brooke Murphy of Murphy Law Group as Class Counsel is affirmed.

13. The Court reaffirms Epiq Class Action Claims & Solutions, Inc. as the Settlement

Administrator.

14. The Court affirms its findings that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for only the purposes of the Settlement in that: (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (4) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

15. Therefore, the Court finally certifies the following Settlement Class:

> All living individuals residing in the United States who were sent a notice by Defendant that their Private Information may have been impacted in the Data Incident.

Excluded from the Settlement Class are (a) directors, officers, and agents of Defendant; and (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

16. Judgment shall be entered dismissing the Action with prejudice, on the merits.

17. As of the Effective Date, and in exchange for the relief described in the Agreement, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action,

demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to (a) the Data Incident; or (b) any of the alleged violations of laws or regulations cited in the Complaint, the Action, or the Related Actions. Notwithstanding the foregoing, the Releasing Parties are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

18. With respect to the Released Claims, Plaintiffs and Settlement Class Members, expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members explicitly took that into account in entering into the Agreement, and a portion of the consideration and the mutual covenants contained therein, having been bargained for between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

19. In the event there are funds remaining from uncashed checks in the Settlement Fund 20 days following the 180-day check negotiation period, all remaining funds shall be distributed to an appropriate mutually agreeable *cy pres* recipient to be approved by the Court.

20. Class Counsel is awarded 30% of the Settlement Fund ($1,065,000.00) in attorneys' fees and $23,908.59 in reimbursement of litigation expenses. These payments shall be paid out of the Settlement Fund in accordance with the Agreement.

21. The Class Representatives shall be awarded Service Awards in the amount of $1,500.00 each. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

22. Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

23. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

24. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall

not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

25. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other person subject to the provisions of this Final Approval Order and Judgment.

26. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action.

27. In accordance with Federal Rules of Civil Procedure 54(b) and 58, JUDGMENT is hereby entered as to the claims and relief outlined in this Order, dismissing the claims with prejudice, on the merits.

28. The Clerk shall close this case.

**SO ORDERED** on November 6, 2025.

HON. DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

**Exhibit A – Opt-Out List**

(to be completed at Final Approval)

| | |
|---|---|
| 1 | ERICA ENDICOTT |
| 2 | CARRIE DEGROFF |
| 3 | YOVONDA BROOKS |
| 4 | PAUL LAFRANCE |
| 5 | EDWARD CAMERON |
| 6 | KIMBERLY WERNER |
| 7 | LOUISE WRIGHT |
| 8 | JOSEPH DETOLLA |
| 9 | JOANN CARSON |
| 10 | SUSAN THOMPSON |
| 11 | DEBRA VERMEIRE |
| 12 | PAUL WRUBLESKI |
| 13 | GAY KING |
| 14 | JOSEFA RAMOS RODRIGUEZ |
| 15 | CAROLYN CADWELL |
| 16 | ELIZABETH RAMOS |
| 17 | DIANE B SWAN |
| 18 | JOYCE MANTEY |
| 19 | SHANNON BRIGHT DAVID |
| 20 | CHARLOTTE JONES |
| 21 | RUSSELL W BAKER |
| 22 | AMY EVONIUK |
| 23 | EVELYN KING |
| 24 | SHERRI PRIEM |
| 25 | JUDITH LYMAN |
| 26 | GLORIA THOMPSON |
| 27 | AMY VASQUEZ |
| 28 | RENEE BARKER |
| 29 | THOMAS SMALLWOOD |
| 30 | SUSAN WALKER |
| 31 | JUNE MORRIS |
| 32 | CAROLYN SPROW |
| 33 | IRENE NEMITSAS |
| 34 | JUDITH BLAGA |
| 35 | VISHNUBHAI PATEL |
| 36 | ROSA RYMER |
| 37 | SHALEEN AHMADI |
| 38 | LAURA BIRD |